**Terri E. BREWER, Plaintiff,**

v.

**James DUPREE, Jr., et al., Defendants.**

**No. CIV.A. 2:00cv543–T.**

United States District Court,
M.D. Alabama,
Northern Division.

Dec. 17, 2004.

Gary E. Atchison, Montgomery, AL, for Plaintiff.

Alice Ann Byrne, State Personnel Department, Margaret L. Fleming, Sandra Ingram Speakman, Troy Robin King, William H. Pryor, Jr., Benjamin Howard Albritton, Office of the Attorney General Alabama State House, Montgomery, AL, William James Samford, II, Alabama Department of Youth Services, Mt. Meigs, AL, for Defendants.

## ORDER

MYRON H. THOMPSON, District Judge.

In this gender-discrimination lawsuit, plaintiff Terri E. Brewer sued defendants James Dupree, Jr. and Wayne Booker, her former supervisors, under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, as enforced by 42 U.S.C.A. § 1983. On February 12, 2003, this court granted in part and denied in part the defendants' first summary-judgment motion, narrowing Brewer's lawsuit to one claim: that, in 1998, the defendants refused to rehire her as a senior psychologist at the Alabama Department of Youth Services because she is a woman, and instead hired a man who was allegedly less qualified for the position. *Brewer v. Dupree*, 2003 WL 23507795, at *7 (M.D.Ala.2003) (Thompson, J.).

This case is now before the court on the defendants' summary-judgment motion, in which the supervisors make the threefold argument that Brewer has failed to: (A) produce evidence that the defendants' non-discriminatory reason for not rehiring her is pretextual, (B) demonstrate that, absent gender discrimination, she would have been rehired, thus entitling the defendants to the mixed-motive, affirmative defense, and (C) file her lawsuit within the two-year statute of limitations. For the reasons that follow, the motion will be denied.

## I. SUMMARY–JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to in-

terrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Under Rule 56, the party seeking summary judgment must first inform the court of the basis for the motion, and the burden then shifts to the non-moving party to demonstrate why summary judgment would not be proper. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *see also Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115–17 (11th Cir.1993) (discussing burden-shifting under Rule 56). The non-moving party must affirmatively set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations or denials in the pleadings. Fed.R.Civ.P. 56(e).

The court's role at the summary-judgment stage is not to weigh the evidence or to determine the truth of the matter, but rather to determine only whether a genuine issue exists for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). In doing so, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. *Matsushita Elec. Indus. Co. v. Zenith Radio*

*Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

## II.  FACTUAL BACKGROUND

The court provided a more detailed rendition of the facts of this case in its first summary-judgment order, dated February 12, 2003, *Brewer*, 2003 WL 23507795, at *1. For purposes of resolving the current motion, the court will, therefore, recount the facts that are relevant to Brewer's one remaining claim.

Brewer began working as a psychologist at the Alabama Department of Youth Services in 1988. Her supervisor at Youth Services was Booker. Booker's supervisor was Dupree, the Director of Youth Services. In 1992, Brewer was promoted to the position of a senior psychologist. On August 30, 1996, she tendered her resignation, effective September 20, 1996.

Brewer placed her name on the State's reemployment list on October 25, 1996, shortly after she resigned.[1] In February 1998, after Brewer's successor departed, a senior-psychologist position became available at Youth Services; at that time, Brewer's was the only name listed on the reemployment register for the senior-psychologist classification. On February 12, Brewer's attorney sent a letter to the department expressing Brewer's interest in the senior-psychologist position. The next

---

1. The hiring process for the senior-psychologist position is governed by the State Merit System Act codified in 1975 Ala.Code § 36–26–1, et seq. One of the stated purposes of the Act is "to assure to all citizens of demonstrated capacity, ability and training an equal opportunity to compete for service with the state of Alabama." 1975 Ala.Code § 36–26–3. The Act creates a five-member State Personnel Board, which oversees the State Merit System by developing rules with regard to state employee's hiring, promotion, termination, and pay. With regard to reemployment procedures, Rule 670–X–9–02(3) of the Personnel Board Rules provides that:

"Any person who has held a permanent appointment in the classified service from which he has resigned in good standing shall be entitled to have his name placed on a reemployment list for certification to vacancies in the classified service, providing he so requests in writing. The name of each such person shall be placed on the reemployment list considered most appropriate by the Director. Each name placed on a reemployment list shall remain thereon for a period not longer than two years from the effective date of resignation."

day, Youth Services responded, by letter, to Brewer's application stating that "she will, indeed be considered" for the position; the department further advised Brewer that, given her previous work for the department, "it will not be necessary for her to interview again." [2]

The only other applicant for the position, Paul Shaw, was a man.[3] As the Director of Youth Services, Dupree was responsible for filling the senior-psychologist vacancy. In May 1998, Dupree, in consultation with Booker, hired Shaw for the position without interviewing or otherwise contacting Brewer again.

Brewer filed this lawsuit in May 2000, contending that the defendants illegally discriminated against her on the basis of her sex when, in 1998, they refused to rehire her as a senior psychologist at Youth Services. The defendants have moved for summary judgment with respect to the Shaw hiring.

### III. DISCUSSION

As an initial matter, in its February 2003 summary-judgment order, this court rejected the defendants' argument that Brewer's failure-to-rehire claim is time-barred, finding that the Shaw hiring constituted a "new and discrete act" that may be an equal-protection violation that is actionable pursuant to § 1983. Because the defendants' current time-barred argument substantially rehashes the one previously addressed, the court will not deviate from its prior holding and refers the defendants to the reasoning in the February 2003 order.

The court will now address the defendants' arguments that (A) Brewer has failed to rebut their nondiscriminatory reason for not hiring her and (B) they are entitled to the mixed-motive affirmative defense because Brewer has failed to rebut their argument that, even absent the alleged gender discrimination, she would not have been rehired.

### A. Inference of Sex–Based Discrimination

■ The Equal Protection Clause of the Fourteenth Amendment provides for "a constitutional right to be free from unlawful sex discrimination and sexual harassment in public employment." *Cross v. Ala. Dep't of Mental Health & Mental Retardation*, 49 F.3d 1490, 1507 (11th Cir. 1995).

■ Brewer offers circumstantial evidence to support her sex discrimination claim. To prevail, she must first establish a prima-facie case of unlawful discrimination by a preponderance of the evidence; this prima-facie case requires " 'evidence adequate to create an inference that an employment decision was based on a[n] [illegal] discriminatory criterion.' " *Herawi v. State of Alabama Dept. of Forensic Sciences*, 311 F.Supp.2d 1335, 1344 (M.D.Ala.2004) (Thompson, J.) (quoting *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 358, 97 S.Ct. 1843, 1866, 52 L.Ed.2d 396 (1977)). If Brewer successfully establishes a prima-facie case, then there is a rebuttable presumption of illegal discrimination; the burden then shifts to the defendants to articulate a legitimate, non-discriminatory reason for their employment action. "This intermediate burden is 'exceedingly light.' " *Holifield v. Reno*, 115 F.3d 1555, 1564 (11th Cir.1997) (quoting *Turnes v. AmSouth Bank*, N.A., 36 F.3d 1057, 1061 (11th Cir.1994)). Once the defendants satisfy this burden of production, Brewer must come forward with

---

**2.** Plaintiff's memorandum in opposition to defendant's motion for summary judgment (Doc. No. 61), exhibit 2, Youth Services letter, dated February 13, 1998.

**3.** Defendants' brief in support of motion for summary judgment (Doc. No. 54), p. 14.

evidence that would be sufficient to convince a reasonable fact-finder that the reason given by the defendants is pretextual. *Id.*

Earlier in this case, this court found that, viewing the evidence in Brewer's favor, the record establishes a prima-facie case of sex discrimination with respect to the Shaw hiring.[4]

Because Brewer's evidence sufficiently creates a presumption of discrimination, the burden shifts to the defendants to articulate a legitimate, nondiscriminatory reason for not rehiring her. The defendants have met their "exceedingly light" burden, *Holifield v. Reno*, 115 F.3d 1555, 1564 (11th Cir.1997) (internal quotations omitted), by asserting that Shaw was hired because his qualifications as a clinical psychologist and administrator were superior to Brewer's. The defendants make the following comparisons between Shaw and Brewer:

> Dr. Shaw had 19 years of experience as a practicing clinical psychologist; the Plaintiff had less than 10 years cumulative experience as a practicing clinical psychologist.
> Dr. Shaw had extensive research and teaching experience at the university level; the Plaintiff had limited academic experience.
> In addition to his Psy. D., Dr. Shaw had a Ph.D. from Penn State University with emphasis in Public Administration; the Plaintiff had a Psy. D. and an M.S. in Psychology.
> Dr. Shaw had 28 years experience in administration and management, which had included serving as a research project director, undergraduate and graduate academic program director,

manager, and clinical director in several private settings; in contrast, the Plaintiff had served as the Senior Psychologist at DYS for a little over four years, and had no subsequent management experience.[5]

At his deposition, Dupree testified that Youth Services "wanted to achieve some stability and continuity to the position of Senior Psychologist" and that he "was very impressed with Dr. Shaw's credentials."[6] Hiring another job applicant who possesses superior job skills compared to Brewer's is a legitimate, nondiscriminatory reason for the defendants' hiring decision. *See e.g., Harris v. Shelby County Bd. of Educ.*, 99 F.3d 1078, 1085 (11th Cir.1996).

Because the defendants have met their intermediate burden of production, the presumption of sex discrimination disappears. The Eleventh Circuit Court of Appeals has placed a very demanding evidentiary burden upon a plaintiff who claims that he or she was more qualified for a given position than the chosen applicant but, because of some discriminatory animus in the hiring process, was not offered the job. "Where a claim of discrimination is based on relative qualifications, disparities in qualifications are not enough in an of themselves to demonstrate discriminatory intent unless those disparities are so apparent as to virtually jump off of the page and slap you in the face." *Hall v. Alabama Assoc. of Sch. Bds.*, 326 F.3d 1157, 1175 (11th Cir.2003) (internal quotations omitted). The appellate court has cautioned that "federal courts are not in the business of adjudging whether employment decisions are prudent or fair" and reminded trial courts that the focal inquiry should be "whether unlawful discriminato-

---

**4.** Order denying defendants' motion to dismiss (Doc. No. 38), p. 2.

**5.** Defendants' brief in support of motion for summary judgment (Doc. No. 54), p. 30.

**6.** Defendants' evidentiary submission in support of motion for summary judgment (Doc. No. 55), exhibit F, Dupree deposition, pp. 26–27.

ry animus motivates a challenged employment decision." *Damon v. Fleming Supermarkets of Fla., Inc.,* 196 F.3d 1354, 1361 (11th Cir.1999).

To survive summary judgment, Brewer asserts that she was at least equally, if not more, qualified for the senior-psychologist position when compared to Shaw. She points out that:

Unlike Shaw, Brewer had previously worked for the Department of Youth Services for approximately eight years during which time she received a promotion to senior status and "excellent job evaluations";

Brewer was the only person registered on the Alabama State Merit System Reemployment Register.

Since leaving Youth Services, Brewer has gained additional clinical experience working at psychiatric clinics in the Montgomery, Alabama area.

Also since leaving Youth Services, Brewer was appointed by a health management organization to administer ensure its compliance with in record keeping laws and federal regulations.[7]

Construing the evidence in Brewer's favor, this court cannot conclude that the qualification disparities between her and Shaw were so apparent as to, in and of themselves, evince discriminatory hiring.

The qualification disparities that Brewer points out, however, do support her sex-discrimination claim when considered with other evidence in the record. The Eleventh Circuit Court of Appeals has found that an employment decisionmaker's statement altogether refusing to consider job applicants of a protected class provided some of the "strongest evidence" of a dis-criminatory animus. *Harris v. Shelby County Bd. of Educ.,* 99 F.3d 1078, 1084 (11th Cir.1996). In *Harris,* an African-American job applicant sued a county school board, school board members, and the school superintendent alleging racially discriminatory hiring practices where the superintendent had stated that "under the circumstances we don't need to employ a black at Thompson High School." *Id.* The Eleventh Circuit found that the superintendent's statement created "genuine issues of material fact with respect to [the decisionmaker's] intent." *Id.*

The record in this case details the defendants' long history of sexist statements and conduct directed at female department employees. On one occasion, Dupree referred to a female employee's pager as a "state issued vibrator" and asked the employee "what it would take to fuck her." [8] Similarly, Booker frequently referred to female department employees as "bitch[es]," "hysterical wom[e]n," and "on permanent menopause." [9] Although not direct evidence that the defendants unlawfully discriminated against Brewer, these anecdotal statements provide a meaningful factual context for her claim.

Bearing more heavily on her failure-to-hire sex-discrimination claim, Brewer alleges that, over the course of her employment at the department, the defendants made the following statements to her about female job applicants:

In 1991, Dupree instructed Brewer to "tell state personnel whatever necessary to upgrade Irv Kauffman's position so we could keep a man directing the sex offender program."

---

7. Plaintiff's memorandum in opposition to defendants' motion for summary judgment (Doc. No. 61), p. 6.

8. Evidentiary submission in support of defendants' motion for summary judgment (Doc. No. 55), exhibit J, Brewer interrogatories, p. 2.

9. *Id.,* p. 4.

In 1993, Dupree told Brewer not to hire a female applicant because "a woman who stayed home to raise her daughter over the past years was worthless to the department."

Also in 1993, Booker told Brewer that he would "never hire another woman of childbearing age."

In 1994, while discussing a female applicant for a department vacancy, Dupree told Brewer that "a woman directing the sex offender program does not project the right image to the public."

In 1995, Dupree told Brewer that "we don't need to hire anymore female case managers."

Also in 1995, Booker stated that "a woman would never be considered for directing DYS."[10]

The circumstantial evidence now in the record creates a reasonable inference of unlawful sex discrimination. Specifically, Booker's 1993 statement that he would "never hire another woman of childbearing age" is substantial evidence that the defendants' decision not to rehire Brewer was motivated by an unlawful criterion. Brewer, who was 38 years old in 1998 when she reapplied for the senior-psychologist position, arguably fell within Booker's blanket statement about child-bearing women. "[A]lthough this statement may be open for more than one interpretation, a factfinder could reasonably infer that [Booker] meant that [Brewer] would not be considered for the position" because she was a woman of childbearing age. *Harris,* 99 F.3d at 1084.

## B. Mixed–Motive Affirmative Defense

The defendants next argue that, even if the evidence adequately creates an inference that an unlawful discriminatory animus motivated their 1998 decision not to rehire Brewer, they are still entitled to summary judgment because the 'mixed-motive' affirmative defense serves as a complete bar to liability for Brewer's § 1983 sex-discrimination claim.

■ The mixed-motive affirmative defense provides that "[w]hen the employee has shown that the employment decision was based on an illegal motive, the employer may avoid liability by proving by the preponderance of the evidence that the decision would have been made the same in the absence of discrimination."[11] *Steger v. General Electric Co.,* 318 F.3d 1066, 1076 (11th Cir.2003) (citing *Price Waterhouse v. Hopkins,* 490 U.S. 228, 252–53, 109 S.Ct. 1775, 1791–92, 104 L.Ed.2d 268, (1989)); *see also Pennington v. City of Huntsville,* 261 F.3d 1262, 1269 (11th Cir. 2001). To successfully establish the mixed-motive affirmative defense, the employer's evidence "must show that its legitimate reason, standing alone, would have induced it to make the same decision." *Price Waterhouse,* 490 U.S. at 252, 109 S.Ct. at 1792. A legitimate reason does not sufficiently stand alone when an employer "merely state[s] that the employment decision was based on the hiring of

---

**10.** Evidentiary submission in support of defendants' motion for summary judgment (Doc. No. 55), exhibit J, Brewer interrogatories. Interestingly, the defendants do not dispute making these statements; each of these alleged statements is recounted in the defendants' summary-judgment brief as "undisputed facts regarding the defendants' alleged gender bias." Defendants' brief in support of motion for summary judgment (Doc. No. 54), pp. 9–12.

**11.** The mixed-motive affirmative defense is not a complete bar to recovery in Title VII discrimination cases; instead, "because of Congress' amendment of Title VII through the Civil Rights Act of 1991" the mixed-motive affirmative defense, "if proven, effectuates only a limitation on liability, not a complete avoidance of it." *Harris,* 99 F.3d at 1084.

the best qualified applicant." Instead, the employer "must articulate specific reasons for that [chosen] applicant's qualifications such as seniority, length of service in the same position, personal characteristics, general education, technical training, experience in comparable work or any combination" *Steger*, 318 F.3d at 1076 (internal quotations omitted).

In *Harris v. Shelby County Bd. of Educ.*, discussed above, the Eleventh Circuit found that "race was one motivating factor" behind the defendants' decision not to hire the plaintiff. 99 F.3d at 1085. The court, however, affirmed summary judgment for the defendants concluding that the decisionmakers had successfully established mixed-motives as a "complete defense" to the plaintiff's § 1983 race-discrimination claim. *Id.* Specifically the appellate court reasoned that, because the qualifications of the hiree were "sufficiently superior" to those of the plaintiff, "no juror could conclude that [the defendant] would not have made the same decision absent discriminatory intent." *Id.*

In this case, the defendants have failed to establish the mixed-motive defense. The defendants contend that, because Shaw was apparently so much more qualified than Brewer, they would not have rehired Brewer, even absent the alleged sex-based discrimination. This court disagrees. Assuming the facts in Brewer's favor, she acquired additional clinical and administrative experience after she left the department in 1996, thereby, making her more qualified to perform the duties of a senior psychologist when she reapplied in 1998. As stated in the preceding subsection, Brewer's evidence does not demonstrate that the qualification disparities between her and Shaw were so apparent as to, in and of themselves, evince sex-based discriminatory hiring. The converse is true as well: the defendants' evidence does not demonstrate that Shaw's qualifications were so "sufficiently superior" to Brewer's as to lead this court to conclude that no reasonable jury would believe that she would have been rehired absent the unlawful discriminatory animus.

## IV. CONCLUSION

The evidence currently in the record adequately creates an inference that the defendants used an unlawful motivating factor, namely Brewer's sex, when, in 1998, they decided not to rehire her as a senior psychologist at the Alabama Department of Youth Services. Further, the court cannot conclude, as a matter of law, that Shaw was so apparently more qualified than Brewer for the position, that the defendants would not have rehired her even absent the unlawful motivating factor; the defendants, therefore, have failed to adequately establish the mixed-motive affirmative defense.

For these reasons, it is ORDERED that defendants James Dupree, Jr., and Wayne Booker's second motion for summary judgment (Doc. No. 53) is denied.